FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 28 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

WINSTON WILSON,

Defendant.

07-CR-423

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 18, 2007 Winston Wilson plead guilty to Count One of a three-count indictment, which charged that between September 30, 2004 and November 5, 2004 defendant, together with others, conspired to distribute and to possess with intent to distribute 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii).

Wilson was sentenced on May 24, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 28 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 87 and 108 months. The offense carried a minimum term of imprisonment of 10 years and a maximum term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A)(iii). However, if defendant satisfies section 3553(e) of Title 18 of the United States Code, the statutory minimum does not apply. The guidelines range of fine was from $12,500 to $4,000,000. The underlying indictment was dismissed by the court.

Wilson was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that defendant's cooperation has lead to the

arrest, indictment, and guilty plea of two drug offenders. Defendant also provided information relating to a third drug offender who plead guilty. In the event that any of these three offenders had gone to trial, Wilson would have been an important witness against them. In addition, defendant provided background information that was helpful in the ongoing investigation of a drug-related homicide. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant committed a serious crime. He appears to be basically a person who tried to do the right thing, but he was raised in difficult childhood circumstances. He has been in prison for over 37 months. While in prison he has worked and attended religious services regularly. Letters from his family attest to his strong familial support. A letter from defendant's brother, who served six years in the United States Army, speaks especially to defendant's good character. The government submitted a strong letter concerning defendant's cooperation. He faces probably deportation to his home country of Jamaica—a serious consequence in light of the viciousness for which the Jamaican drug trade is known. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking will result in a substantial prison sentence. Specific deterrence is achieved through defendant's likely deportation and separation from his family, and the impact of this conviction on the defendant's employability. It is

unlikely that he will engage in further criminal activity in light of his acceptance of responsibility, his cooperation with the government, and his likely deportation.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 24, 2010
      Brooklyn, New York